## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**JESSE WILLIAM PITTMAN**                                                                 **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 3:25-CV-P758-JHM**

**3C CORRECTIONAL CARE et al.**                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

In his complaint (DN 1), *pro se* Plaintiff Jesse William Pittman, a pretrial detainee currently housed at the Pulaski County Detention Center (PCDC), brings claims against 3C Correctional Care, the medical provider at the PCDC, and PCDC Jailer Anthony McCollum concerning being denied "M.A.T." medication[1] in violation of the Americans with Disabilities Act (ADA) and the denial of his requests to be returned to Clinton County Jail and to contact legal help. Plaintiff also makes allegations against 3C Correctional Care employee Chris Collett at PCDC for violating his rights by refusing to give him his M.A.T. medication until he heard that Plaintiff was taking legal action.

Plaintiff also brings claims against 3C Correctional Care at Clinton County Jail, where he was housed previously, and Clinton County Jailer Bruce Stearns alleging that his rights were violated when he was moved to PCDC and that Defendant Stearns failed to report to the proper authorities about Plaintiff's civil rights having been violated "through discrimination when my wife wrote written statements that he had lied to get warrants on me to the Clinton County District Prosecuting and Circuit Attornies[.]" He further alleges that Defendant Stearns violated his rights by not having a nurse or qualified medical worker at the Clinton County Jail. He asserts that

---

[1] The Court understands "M.A.T." to refer to the "medicated-assisted treatment" program which is used to treat substance-abuse disorders. *See Huffman v. Robey*, No. 3:25-CV-P93-CRS, 2025 WL 951944, at *1 (W.D. Ky. Mar. 28, 2025).

having qualified personnel "could have prevented any of the rights violations I was having in Pulaski by having a competent employee to verify I was prescribed the medication I had in my system upon coming to PCDC[.]"

Plaintiff has supplemented (DN 5) his complaint to add documents from PCDC which he states are proof of exhausting his administrative remedies and, according to Plaintiff, show that he "clearly I was discriminated against and had numerous civil rights violations."

**I.**

Federal Rule of Civil Procedure 20 states in relevant part,

Persons . . . may be joined in one action as defendants if:

(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 661 (2009) (internal quotation marks and cite omitted).

After reviewing Plaintiff's complaint, the Court concludes that Plaintiff's claims against the Pulaski County Defendants do not arise out of the same transaction or occurrence as the Clinton County Defendants.  His complaint regarding Pulaski County is that at PCDC, his M.A.T. was stopped; that he was not transferred back to Clinton County Jail; and that he has been prevented from contacting legal help.  His claims against the Clinton County Defendants involve his transfer

to PCDC; a civil-rights violation concerning alleged lies made to the Clinton County prosecutors; and failure to hire qualified personnel.  Therefore, Plaintiff's claims arise from the alleged actions or inactions of each individual Defendant at different times and at different locations.  Additionally, PCDC is not located in this judicial district; it is located in the Eastern District of Kentucky.

Having concluded that the Pulaski County Defendants have been improperly joined, the Court must decide on an appropriate remedy. Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.  "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Rule 21 gives the court discretion to make three types of orders.  The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'" 4-21 Moore's Federal Practice-Civil § 21.02 (internal quotation omitted).  "Severance under Rule 21 results in separate actions." *Id*. at § 21.06.  "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances . . . . Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Id*.

After carefully considering the issues and weighing its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against the Pulaski County Defendants and then transfer them to the Eastern District of Kentucky, the judicial district in which PCDC is located, *see* 28 U.S.C. § 97(a), and where venue over those claims is most appropriate.  *See* 28 U.S.C. § 1404(a).

## II.

For the foregoing reasons, **IT IS ORDERED** that the claims against the following Defendants are **SEVERED**:  3C Correctional Care at PCDC, PCDC Jailer McCollum, and 3C Correctional Care employee Chris Collett.

The Clerk of Court is **DIRECTED** to terminate PCDC Jailer McCollum and 3C Correctional Care employee Chris Collett as parties to this action.

Pursuant to Rule 21, **the Clerk of Court is DIRECTED** to open a new civil action with the complaint (DN 1) as the complaint, (DN 5) as the supplement to the complaint, and 3C Correctional Care at PCDC, PCDC Jailer McCollum, and 3C Correctional Care employee Chris Collett as Defendants in the new action.  The instant Memorandum Opinion and Order shall be docketed in the new action as well.

The **Clerk of the Court is FURTHER DIRECTED** to **TRANSFER** the newly opened action to the United States District Court for the Eastern District of Kentucky, Central Division at London.

Date:  January 5, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
        Clerk, EDKY, Central Division at London
4414.009

4